## JOHN W. COLEMAN v. IRA P. RANKIN et als.

SETTING ASIDE DEFAULT.—An order denying or granting a motion to set aside a judgment by default on the ground of mistake, inadvertence, surprise or excusable neglect of the defaulting party, rests in the sound discretion of the Court, and, except in a plain case of abuse of this discretion, will not be disturbed by this Court on appeal.

IDEM.—Where the defaulting party discloses, in the case presented by him for an order to set aside such judgment, a degree of negligence, carelessness, and lack of diligence not to be predicated of a prudent business man in a matter of material concern to him, this Court will not on appeal disturb the order of the Court below denying such application.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This was an action brought to determine an alleged adverse claim of title to real property in the City and County of San Francisco. The material portions of defendant Rankin's affidavit are as follows:

Ira P. Rankin, being duly sworn, says: "That he is one of the defendants in this action; that the summons herein was served on this deponent while he was in attendance as a witness in the District Court of the Fourth Judicial District of this State. Upon receiving the same, this deponent placed the same in his hat, and the same was lost therefrom. That deponent made no note of the time of service of said summons upon him, as aforesaid, nor had no means of fixing the date thereof. That this deponent verily believes he is the true and lawful owner of the premises involved in this suit, and fully intended to defend the same, for the purpose of establishing his right thereto against this plaintiff; and for that purpose, and to ascertain when service of summons was had upon him, this deponent, about five days ago, and several subsequent times, called at the office of his counsel, William H. Sharp, and deponent did not succeed in finding Mr. Sharp until yesterday afternoon, the eighth day of April, 1868, and deponent retained Mr. Sharp to defend this action on his behalf. This deponent subsequently learned from Mr. Sharp, for the first time, that the lawful day for answering herein

had expired, and that the plaintiff's attorney refused to extend the same, or to allow deponent to defend this suit. That this deponent further says, that had this deponent not lost the summons served upon him, he verily believes that he would not have failed to make a notice of the time of service on the paper, and to have filed his answer herein in proper time. And this deponent further says, that he has fully and fairly stated the case in this action to William H. Sharp, * * * his counsel, and after such statement he is advised by his counsel, and verily believes, that this deponent has a good and substantial defense on the merits to this action."

The other facts are stated in the opinion of the Court.

*G. F. & W. H. Sharp,* for Appellant.

*Wm. M. Pierson,* and *Wilson & Crittenden,* for Respondent.


By the Court, SPRAGUE, J.:

Personal service of summons was duly made in this cause on defendant Rankin in the City and County of San Francisco, where the suit was pending, on the 25th March, 1868, and judgment was entered against him and others, in open Court, by default, on the 8th day of April, 1868. On the 9th April, upon his own affidavit, he obtained an order citing plaintiff to appear and show cause why the default and judgment should not be vacated and set aside and he be allowed to answer. The grounds of the motion to set aside the judgment were applicant's inadvertency, mistake, and excusable neglect, and it was subsequently heard upon affidavit of applicant and counter affidavits, and denied by the Court, from which order Rankin appeals.

Without considering the counter affidavits, and resting the action upon defendant's affidavit and judgment roll alone, it is by no means clear that he was entitled to the order asked, or

that the Court below, in denying his motion, abused its legal discretion.

Orders denying or granting a motion to set aside a judgment by default, on the ground of mistake, inadvertency, surprise, or excusable neglect of the defaulting party, rest very much in the discretion of the Court below, and will not be disturbed by this Court unless we are satisfied that the order is so plainly erroneous as to amount to an abuse of discretion. If there is room for doubt as to the sufficiency of the excuse offered, the judgment of the Court below will not be disturbed. (*Bailey* v. *Taaffe*, 29 Cal. 422, and cases there cited.)

The affidavit of the applicant, so far from disclosing a reasonable excuse for his neglect, tends rather to disclose a degree of negligence, carelessness, and lack of diligence hardly to be predicated of a prudent business man in a matter involving his *bona fide* claim of title to valuable real estate.

It does not appear that he was detained in Court as a witness after the 25th of March, the day on which he was personally served with summons, or that he was by any means prevented from devoting his entire time and attention to the matter of the summons during the ten days succeeding the day of service; yet no action was taken, and nothing was done by him during the time but to call at the office of a law firm in the city and ask to see a particular member of that firm, for the purpose of obtaining information as readily obtainable from numerous other sources equally accessible to him.

Under such state of facts, the Court below, in the exercise of a sound legal discretion, might well have adjudged the party chargeable with inexcusable neglect.

Order affirmed, and remittitur allowed forthwith.