Walker Bros. v. The Continental Insurance Company of New York.

WALKER BROS., Respondents, v. THE CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

1. Opening Default.—The granting or denying a motion to set aside a judgment by default, rests very much in the discretion of the court below, and will not be disturbed by this court unless the order is so plainly erroneous as to amount to an abuse of discretion. If there is room for doubt as to the sufficiency of the exercise offered, the judgment of the court below will not be disturbed.

2. Service of Summons on Foreign Corporation.—Where a foreign corporation had an agent residing in this Territory, service of summons can be had on such agent, and after the lapse of the time within which defendant is required to answer, the plaintiff is entitled to judgment by default, provided there has been no appearance entered.

3. Mistake of Agent of Corporation.—Where an agent of a foreign corporation fails to inform his principal of the commencement of the suit, and has no power himself to employ counsel to defend such action, the court will not set aside the default and judgment entered against such negligent corporation.

4. Waiver of Time—Action when Accrued.—Action on a policy of insurance, which provided, that in case of loss by fire the insurer should have sixty days after proof of loss within which to pay the claim. Claim presented to the insurance company and settlement and payment thereof demanded by the insured. Payment was refused, and the liability of the company denied. Suit was thereupon commenced, *within* the sixty days from proof of loss. *Held*, That the suit was not prematurely commenced, and that plaintiff was not required to await the expiration of the sixty days before bringing suit.

5. Neglect of Attorney, etc.—Excusable neglect of an attorney in not preparing and filing an answer, is not sufficient of itself to set aside a judgment by default, when the client himself has been guilty of inexcusable negligence.

6. Neglect of Attorney.—The fact that there was no time within which to prepare and file an answer, owing to the distant residence of defendant, furnishes no ground upon which to set aside judgment by default.

7. Findings—Judgment by Default.—Where a judgment is taken by default, no finding by the court is necessary; and where the action is for unliquidated damages, it will be presumed, in the absence of any state-

ment on appeal, or showing to the contrary, that the court below complied with the law in all respects and properly assessed the damages.

8. CANNOT RAISE NEW GROUNDS IN APPELLATE COURT.—On an appeal from an order refusing to set aside a judgment by default, the appellate court can consider only such grounds as were embraced in the motion in the court below. New grounds of the motion cannot be urged here for the first time.

Appeal from the Third District Court.
The facts appear in the opinion of the court.

*Lewis Burnes*, for appellant.
No brief on file.

*Bennett & Harkness*, for respondent.

The determination of the motion in the District Court, under section 68, Practice Act, was so far discretionary that the decision will be reversed only in case there was a manifest abuse of discretion. *Woodward* v. *Backus*, 20 Cal. R. 137; *Coleman* v. *Rankin*, 37 Cal. R. 247.

There was no abuse of discretion, and the decision is fully justified on the ground of negligence in the local agent, in the general agent, and in the attorney of appellant.

He mailed the papers to New York City, knowing an answer could not be drawn and received by mail within the remaining nine days.

It does not appear what he wrote, or that he informed the appellant when service was made; or whether he would or would not act in the matter; or that he even read the summons; or knew when the answer would be due.

There was also negligence in Oakley, the general agent in New York.

It does not appear that he read the summons, and, as in the case of the local agent, the contrary is to be inferred; for he handed the papers to Butler, the company's counsel, did not inform him he was to act as attorney, but left him to suppose he was only counsel in the case, and that the local agent would prevent a default. 27 Wis. 693.

BOREMAN, J., delivered the opinion of the court:

The appellant (defendant below), is a foreign corporation, created and existing under the laws of New York, with its chief office in that State, but doing business in this Territory, through local agents. Upon verbal application to such an agent in Salt Lake City, the appellant insured respondent's property against fire, in the sum of five thousand dollars, with allowance for other insurance to the extent of seventy-five thousand dollars, on same property. During the life of the policy, the property was damaged and in a large part destroyed by fire, and the respondents brought their action upon the policy for the loss sustained, alleging the proportion of the damage chargeable to appellant, to be four thousand five hundred and fifty-one and $\frac{9}{100}$ ($4,551.09) dollars.

Service of summons was had on a local agent of the company, in this Territory. Ten days having expired after the service, default of appellant was taken, and four days thereafter, on 29th February, 1876, judgment was given in the District Court against appellant, for the sum claimed.

The appellant thereafter filed its motion, and on different occasions, by the too great indulgence of the court, several amendments thereto, asking the court to set aside the default and judgment and for leave to answer. The motion was overruled, and it is from the order overruling this motion, that the appeal is taken to this court.

The granting or denying a motion to set aside a judgment by default, rests very much in the discretion of the court below, and will not be disturbed by this court unless the order is so plainly erroneous as to amount to an abuse of discretion. If there is room for doubt as to the sufficiency of the excuse offered, the judgment of the court below will not be disturbed. *Bailey* v. *Taaffe*, 29 Cal. 422; *Coleman* v. *Rankin*, 37 Cal. 247.

The grounds urged for setting aside the judgment by default, and for allowing the appellant to answer, are numerous, and among them is the objection that the service of summons

upon the agent was not sufficient. Corporations, like individuals, in going from their own State to do business elsewhere, must, and thereby do, submit themselves to the laws of the place where they thus go and carry on business. Any other rule would work great hardship. The manner of service followed in this cause, is that prescribed by our statute, and is equivalent to personal service upon an individual. Corporations being intangible cannot be served with process otherwise than upon their officers or agents. The service upon the agent then being proper, the appellant was required to answer within ten days thereafter, and judgment upon the expiration of such time, was not premature.

The appellant urges that its agent made a *mistake* in not deeming it his duty to protect appellant from default and judgment, and made an *inadvertence* in not promptly taking steps to prevent default and notifying appellant by telegraph. There is nothing in the affidavits to show that the agent had any instructions or authority from the appellant to protect its rights in the manner specified, and he himself swears that he was not authorized to employ counsel, and "could only submit the papers to the company and await their instructions." He does not, therefore, appear to have made any mistake or inadvertence. It was the mistake and inadvertence of the company, in not giving him authority to act for the corporation in such cases. But the mistake and inadvertence are not such as can be relieved against.

Surprise at the institution of the suit before the action had accrued, is urged as a reason for setting aside the judgment. The affidavits show no actual surprise. By the policy of insurance, sixty days after proof of loss were allowed the company within which to pay the claim, and suit was brought before the sixty days had expired. The complaint and proposed answer show that a demand for settlement and payment was made upon the appellant by the respondents, and that appellant refused payment and denied liability, and such refusal was not made by reason of insufficient or defective

proofs. By such refusal the appellant waived its rights under that clause of the policy, and it was not necessary for the respondents to await the expiration of the sixty days before bringing suit. *Citizens' Fire Insurance Security and Loan Co.* v. *Doll,* 35 Md. 89; 6 Am. Cases, 360; *Francis* v. *The Ocean Ins. Co.,* 6 Cowen, 404; *Taylor* v. *The Merchants' Fire Ins. Co.,* 9 How. 390.

"Excusable neglect" on the part of the appellant's attorney in preparing the answer, is another reason offered why the judgment should be set aside. We are inclined to think that when the papers were handed to the attorney to prepare an answer, as he says, or "to attend to the defense," as Oakley the general agent says, he should have at once ascertained from the papers what time he would have in which to prepare the answer. Had he done so, it is probable that steps would then have been taken to prevent the default. But the neglect of the attorney may have been excusable, yet this would not be good ground for reversing the action of the court below, unless such was all the neglect that existed on the part of the appellant. The attorney may have been without blame, and yet the company be guilty of inexcusable negligence.

We do not deem material the point that it was impossible to get the complaint to New York and a return of the answer within the ten days. That ten days' provision is a requirement of the law which the appellant, coming here to do business, should have been prepared to meet. It failed to do so, and when the papers had been served in this cause, no one connected with the company seems to have even read the summons until the time for answering had expired. Had they done so, they would have seen that an answer was required within ten days.

It is further urged that respondents' claim was for unliquidated damages, and required an assessment of damages and findings by the court, and that these were not done. This was a judgment by default, and no findings were necessary. Under our statute it was necessary that such failure to make

Walker Bros. v. The Continental Insurance Company of New York.

assessment of damages should be made to appear by the state-ment. This has not been done, and we necessarily conclude that the court below complied with the requirements of the law, where the contrary does not appear.

The other two grounds of the motion, were that the complaint did not support the judgment, and that the complaint did not state facts sufficient to constitute a cause of action, neither of which is tenable, as we do not perceive wherein the complaint failed to support the judgment, and it contains all facts necessary to constitute a good cause of action.

There are affidavits of merits filed among the papers, and also the proposed answer of appellant, which appears in some respects to show merits, it being claimed therein that respondents' interest in the property insured had passed from them before the fire.

But the showing of merits in the answer, and by affidavits, can serve no purpose on the appellant's motion, for the reason that the motion does not base the claim of appellant for setting aside the judgment, upon the grounds of merits in the defense. That not being one of the grounds of the motion, it could not have been considered by the court below, and as the action of the court below in overruling this motion is the only matter appealed from, the court can now only consider such grounds as were embraced in that motion. The complaint being good, it was necessary for the appellant to base its motion upon merits in the defense as well as diligence, which was not done, and it is now too late to remedy the defect.

We are unable, therefore, to see wherein the lower court acted hastily or in anywise abused the discretion allowed it, but on the contrary, it seems to have exercised a sound discretion in refusing to set aside the judgment.

The action of the court below, therefore, in overruling the motion of appellant, is affirmed, with costs.

SCHAEFFER, C. J., and EMERSON, J., concur.