[No. 13300.   In Bank. — September 17, 1890.]

## W. T. GARNER, RESPONDENT, *v.* E. ERLANGER, APPELLANT.

SETTING ASIDE JUDGMENT BY DEFAULT — INEXCUSABLE NEGLECT — FAILURE TO EXAMINE SUMMONS AND COMPLAINT. — A motion to set aside a judgment by default, based upon an affidavit showing that the defendant was sued in the county in which he was served with summons, upon a note dated and payable in another county, and that he took it for granted, without examining the papers, that he had been sued in such other county where the note was payable, and had thirty days in which to answer the complaint, and did not examine the papers or discover his mistake until after ten days had expired, when he left the papers with his attorney to prepare an answer, and was informed that the time for answer had expired, may be properly denied, upon the ground of inexcusable neglect and lack of diligence.

ID. — DISCRETION — REVIEW ON APPEAL. — An order denying or granting a motion to set aside a judgment by default, on the ground of mistake, inadvertence, surprise, or excusable neglect of the defaulting party, rests in the sound discretion of the court, and will not be reversed on appeal unless a clear abuse of such discretion is shown.

APPEAL from an order of the Superior Court of Fresno County refusing to set aside a default judgment.

The facts are stated in the opinion.

*Justin Jacobs,* for Appellant.

*Church & Cory,* for Respondent.

BELCHER, C. C.—This is an appeal from an order refusing to set aside a judgment entered against the defendant by default, in the county of Tulare. The motion was made, under section 473 of the Code of Civil Procedure, upon the ground of mistake, inadvertence, surprise, and excusable neglect. The action was upon a promissory note for $450, dated "Kingsburgh, February 13, 1888," and payable at Kingsburgh one year after date, with interest. Kingsburgh is in Fresno County, and the summons and copy of the complaint were served on defendant in the county of Tulare on the twenty-eighth

day of February, 1889. The judgment was entered on the 13th of March, 1889.

It appears from the affidavit of defendant, filed in support of his motion, that the note had been left with the First National Bank of Fresno, as collateral security for the payment of another note, made by the plaintiff to one Smith, and that defendant had been informed by the president of the bank that, unless the other note was paid on or before the thirteenth day of February, 1889, suit would be commenced on his note. The affidavit then proceeds to state "that, for the reason that said note was made payable at the county of Fresno, this affiant believed, and never entertained any doubt but what, if suit were brought upon said note, it would be brought in said county of Fresno, and at the time he was served with the so-called 'summons' and so-called 'complaint,' copies of which are hereto attached, he supposed, as a matter of course, that such suit had been commenced and brought in the superior court of said county of Fresno, and that he therefore had thirty days within which to file his pleading to said complaint; . . . . that, at the time the so-called 'summons' in said action was served upon this affiant [he thinking, of course], he had been sued in the superior court of the county of Fresno, did not notice or think of looking at the title or name of the particular court in which such action was brought, and did not notice that the word 'Tulare' was written where he supposed the word 'Fresno' would be, in the name or title of the court in which said action was brought, and remarked to his attorney that he would have thirty days within which to answer said complaint; that thereafter he handed said papers, copies of which are hereto attached, to his said attorney, and instructed him to attend to the matter, and prepare the necessary pleading; that his said attorney, after inspecting the said papers, informed this affiant that such suit had been brought in the county of

Tulare, and that the time for answering said complaint had already expired; that this affiant was taken entirely by surprise at such information, he never having thought or supposed that such suit would be, or had been, brought in said county of Tulare; that affiant has fully and fairly stated the facts constituting his defense to said action to his said attorney, and is by him advised and informed, and verily believes, that he has a good and valid defense to said action on the merits thereof."

It has been frequently held by this court that a motion like that of the appellant is addressed to the sound legal discretion of the trial court, and that an order granting or denying the motion will not be reversed on appeal unless a clear abuse of such discretion is shown. (*Coleman* v. *Rankin*, 37 Cal. 247; *Watson* v. *Railroad Co.*, 41 Cal. 17; *Dougherty* v. *Bank*, 68 Cal. 275.) In *Coleman* v. *Rankin*, the action was brought to determine an adverse claim of title to real property. The summons was served on the 25th of March, and judgment by default was entered on the 8th of April. The defendant moved, on the 9th of April, to have the judgment set aside, and in his affidavit stated that when he received the summons, he placed it in his hat, and it was lost therefrom; that he made no note of the time of the service, and had no means of fixing the date thereof; that about five days before making his affidavit, and at several subsequent times, he called at the office of his counsel, but did not succeed in finding him until the 8th of April, when he retained him to defend the action; that he subsequently learned from his attorney, for the first time, that the day for answering had expired; that if he had not lost the summons, he verily believed he would not have failed to make a note on the paper of the time of service, and to have filed his answer in proper time. The motion was denied by the trial court, and the order was affirmed on appeal.

The law applicable to such motions is thus clearly and

succinctly stated in the *syllabus* of the case: "An order denying or granting a motion to set aside a judgment by default, on the ground of mistake, inadvertence, surprise, or excusable neglect of the defaulting party, rests in the sound discretion of the court, and except in a plain case of abuse of this discretion, will not be disturbed by this court on appeal. Where the defaulting party discloses, in the case presented by him for an order to set aside such judgment, a degree of negligence, carelessness, and lack of diligence not to be predicated of a prudent business man in a matter of material concern to him, this court will not, on appeal, disturb the order of the court below denying such application." In this case it appears that appellant was served in Tulare County, and that he held in his hands copies of the summons and complaint for more than ten .days, without once looking at them to see whence they were issued, or where he had been sued. This shows a degree of carelessness not easily accounted for, and the court below may well have concluded that he was guilty of such inexcusable neglect as should deprive him of the relief sought. In the exercise of its discretion the court denied the motion, and in doing so we cannot say that it acted improperly, or in any way abused the discretion with which it was clothed. A motion was made to dismiss the appeal, but as we think the respondent right on the merits, it is unnecessary to consider that question.

We advise that the order be affirmed.

GIBSON, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.