[No. 14524.    Department One. — August 18, 1892.]

## F. H. WILLIAMSON, RESPONDENT, v. THE CUM-MINGS ROCK DRILL COMPANY, APPELLANT.

JUDGMENT BY DEFAULT — APPLICATION TO VACATE — EXCUSABLE NEGLECT — DISCRETION — APPEAL. — Applications to the trial court to set aside a judgment by default, upon the ground of excusable neglect, are addressed to the sound legal discretion of the trial court, and the order of that court, in granting or denying the motion, will not be disturbed upon appeal, unless an abuse of discretion is shown.

ID. — INSUFFICIENT SHOWING — MISTAKE IN MARKING TIME FOR ANSWER — NUMEROUS ACTIONS. — It cannot be said to be an abuse of discretion for the trial court to refuse to set aside a judgment by default, upon the ground of excusable neglect, where the affidavits merely show that there were several actions between the same parties, and that when the defendant's attorney received the summons and copy of complaint, he marked the papers "Answer due April 23d," whereas it was due the 21st, and the only reason for his not having filed the answer was his mistake in mark-ing the papers, and owing to the fact that there were so many actions against the defendant.

ID. — PROOF OF SERVICE OF SUMMONS — AFFIDAVIT — IMMATERIAL FACTS — CITIZENSHIP — CERTIFIED COPY. — A judgment by default is not erro-neous because the affidavit of service of summons fails to show that the person making the service was a white male citizen of the United States, or that he served a certified copy of the complaint, as neither of these things are necessary.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing to set it aside.

The facts are stated in the opinion of the court.

*Ash & Matthews*, for Appellant.

*W. Rigby*, for Respondent.

The COURT. — The summons herein was served on the defendant April 9, 1891, and on April 21, 1891, the defendant having failed to appear and answer the com-plaint, judgment by default was entered against him by the clerk on motion of the plaintiff's attorney. Two days thereafter the defendant moved the court to set aside the default and judgment, upon the ground of ex-cusable neglect; and in support thereof presented an affidavit of merits, and also an affidavit of its attorney,

showing that there were several causes between the same parties, and that when he received the summons and copy of complaint herein from the defendant, he marked the papers " Answer due April 23, 1891." Upon the hearing the court denied the motion, and the defendant has appealed.

Applications of this nature are addressed to the sound legal discretion of the court below, and the order of that court, either in granting or denying the motion, will not be disturbed by this court, unless the appellant shall make it appear to have been so clearly erroneous as to amount to an abuse of discretion. (*Bailey* v. *Taaffe*, 29 Cal. 422; *Coleman* v. *Rankin*, 37 Cal. 249; *Watson* v. *S. F. &. H. B. R. R. Co.*, 41 Cal. 20; *Garner* v. *Erlanger*, 86 Cal. 62.) In *Reidy* v. *Scott*, 53 Cal. 69, it was shown that at the time of the service of summons upon him, the defendant was sick and unable to attend to business, and that as soon as he was able to be out he delivered the summons to his attorneys, and stated to them that he had received it on the 26th of April, as he then believed, whereas, in fact, the service was on the 25th of April. Judgment by default was entered against the defendant before nine o'clock on the morning of May 7th (the 6th being Sunday), and shortly after nine o'clock on the same day, without any knowledge or notice of such judgment, his answer setting up a meritorious defense was filed with the clerk, and upon this showing it was held that the court should have set aside the default. In the present case, however, it does not appear that there was any mistake on the part of the defendant as to the day when the summons was served upon it, or that the attorney was not properly informed of that day; nor did the attorney give any reason why he marked the papers "Answer due April 23d"; and the only reason presented for his not having filed the answer is " his mistake in marking said papers as aforesaid, and owing to the fact that there were so many cases against said defendant." This cannot be regarded as excusable neglect.

The contention of the appellant, that the judgment cannot be sustained for the reason that the affidavit of service fails to show that the individual by whom the service was made was a white male citizen of the United States, or that he served a certified copy of the complaint, is sufficiently met by the terms of section 410 of the Code of Civil Procedure, which authorizes the service to be made by the sheriff, " or by any other person over the age of eighteen, and not a party to the action," and which does not require that the copy of the complaint shall be "certified."

The judgment and order are affirmed.