[L. A. No. 2193.   Department Two—January 5, 1909.]

F. O. CASS, Respondent, v. F. S. HUTTON, as Administrator of the Estate of Mary A. Bragg, Deceased, Defendant; EUGENIA H. BRAGG et al., Appellants.

SETTING ASIDE JUDGMENT—QUIETING TITLE AGAINST ADMINISTRATOR— APPLICATION BY HEIRS—ANSWER—AFFIDAVIT OF MERITS.—Where judgment quieting the plaintiff's title to land under a tax-deed has been rendered in an action brought against the administrator of the estate of a deceased person, it is not an abuse of discretion to deny an application, made under section 473 of the Code of Civil Procedure, by the heirs at law of said deceased, to set aside the judgment and to permit them to answer, if their proposed answer, although it charges the administrator with negligence in defending, fails to allege anything material in addition to the answer interposed by him, and their affidavit of merits further fails to charge the administrator with fraud or show the particulars in which the plaintiff's tax title was claimed to be defective, and omits to state that they had fully and fairly stated the facts of the case to their attorney.

APPEAL from an order of the Superior Court of Los Angeles County refusing to set aside a judgment.  N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, for Appellants.

William Chambers, for Respondent.

MELVIN, J.—On July 17, 1906, F. S. Hutton was duly appointed by the superior court of Los Angeles County administrator of the estate of Mary A. Bragg, deceased.  He duly qualified as such administrator, and thereafter a suit was brought against him in his capacity of administrator of the estate of Mary A. Bragg, deceased, by F. O. Cass to quiet title to certain lots in the town of Broadacres, county of Los Angeles.  The said administrator filed an answer in this suit; the cause was duly tried, and a decree quieting the title of plaintiff in and to said lots was duly made and entered on August 16, 1906.  Almost a year later, on August 2, 1907,

appellants Eugenia H. Bragg, Marion B. Laws, and Caleb S. Bragg presented their motion to said superior court praying that the judgment of August 16, 1906, be set aside, and that they, as heirs at law and next of kin of Mary A. Bragg, deceased, be permitted to file an answer, a copy of which was annexed to their petition. Their notice of motion states the basis of their application as follows: "Said motion is made upon the grounds that the said moving parties are the only real parties in interest in the said suit; that they have their residence without the state of California; and that no service of summons in the said action has been made upon them; and upon the further ground that no real defense to the action was made by said Hutton as administrator of said estate, but that the judgment which appears made and entered in this cause was permissive; and upon the ground that a good and meritorious defense exists to the action upon the merits." The form of answer annexed to the petition traverses the allegations of the complaint; alleges ownership in fee of the said lots in the estate of Mary A. Bragg, deceased, and prays a judgment in favor of said estate quieting its title. The petition of Marion B. Laws affirms that Mary A. Bragg died in Ohio in the year 1902, leaving two sons, C. C. Bragg and C. F. Bragg (both since deceased); that Eugenia H. Bragg is the widow of C. C. Bragg, that Caleb S. Bragg and Marion B. Laws are his children; that Eugenia H. Bragg has acquired by conveyance the interests of the two surviving children of C. F. Bragg, deceased, and that these five persons are the only heirs at law of Mary A. Bragg, deceased. The petition further alleges that Hutton's appointment was without the knowledge or consent of any of these heirs at law of Mary A. Bragg, deceased; that said Hutton's application for letters of administration was made for the purpose of allowing suits to be commenced against the estate; that he had not contested any of the suits brought against him in his capacity as administrator; and that she and her co-heirs being non-residents of this state had no knowledge of the suit to quiet title until May, 1907. Upon information and belief it is stated that the estate of Mary A. Bragg owns the property in question and that plaintiff's only claim of title is "based upon certain pretended tax-deeds; and that said deeds are invalid for the reason that no valid assessment, notice of sale, sale, certificate of sale, notice to re-

deem or deed of said property was made or given." The affidavit concludes with the statement that affiant and her associates are advised by counsel that they have a good and complete defense to the action upon the merits. This application is made under section 473 of the Code of Civil Procedure. Respondent's contentions are, 1. That the petitioners were not, strictly speaking, heirs at law of the estate of Mary A. Bragg because the sons of Mary A. Bragg were living at the time of her decease; 2. That there was no motion for a new trial, and that such motion was the only available remedy (Code Civ. Proc., sec. 656; *Welsh* v. *Koch,* 4 Cal. App. 571, [88 Pac. 604] ; 3. That, not being "parties," appellants do not come under the provisions of section 473 of the Code of Civil Procedure; 4. That by lapse of time the appellants are deprived of the benefits of section 473 of the Code of Civil Procedure; and, 5. That even if they are entitled to the aid of such section, there is no sufficient affidavit of merits. Waiving all the others, let us first consider this final contention. The proposed answer does not add anything material to the answer formerly interposed by Hutton. The affidavit of merits does not charge that Hutton was guilty of fraud, and there was no sufficient allegation of the merits of the proposed defense, nor why the various steps necessary to procure a good tax title had not been properly and lawfully pursued. Neither was there a statement that affiant had fully and fairly stated the facts of the case to her attorney. (*Morgan* v. *McDonald,* 70 Cal. 32, [11 Pac. 350].) It is true that the affidavit charges the administrator with neglecting a defense to the action, but the transcript shows that he did appear with his attorney at the trial. It is true that it also appears that he offered no testimony, but that in itself is no evidence of fraud. The judge who heard plaintiff's testimony at that trial denied this motion after a hearing that we are bound to assume was full and fair; and there is nothing in the affidavit or the proposed amended or substituted answer which shows an abuse of discretion on the part of the court. Therefore, conceding that the provisions of section 473 of the Code of Civil Procedure are available to appellants, which we seriously doubt, they do not show that the court's denial of their motion was not "in the furtherance of justice." It does not need the citation of authorities to remind us of the well-established rule that an

order denying such a motion as the one here discussed will not be disturbed unless an abuse of discretion is clearly shown. In view of our conclusions upon this question, it will not be necessary to discuss respondent's other points.

The order from which this appeal is taken is affirmed.

Henshaw, J., and Lorigan, J., concurred.