### ALBITE *v.* THE DISTRICT JUDGE.

### APPLICATION for Writ of *Certiorari.*

No. 56.—Decided May 28, 1909.

CERTIORARI—APPEALS FROM THE MUNICIPAL COURTS TO THE DISTRICT COURT—
CONSTRUCTION OF THE LAW—FAILURE TO TRANSMIT TRANSCRIPT OF RECORD
IN DUE TIME.—Neither rule 34 of the Rules for District Courts, nor section
303 of the Code of Civil Procedure, nor section one of the act to regulate
appeals from judgments of municipal courts in civil actions, approved March
11, 1908, establish any imperative precept whatsoever by virtue of which an
appeal taken from a judgment of a municipal judge should be dismissed, when
the secretary of such municipal court fails to transmit the proper transcript
of the record to the appellate court in due time.

ID.—DISCRETION OF THE APPELLATE COURT.—In accordance with the foregoing
doctrine, the dismissal of the appeal is a matter addressed to the sound dis-
cretion of the judge.

ID.—REVERSAL OF ORDERS BASED ON THE EXERCISE OF JUDICIAL DISCRETION.—We
understand that superior courts should not reverse orders or judgments based
on the exercise of a sound judicial discretion, unless they are convinced that
the lower courts have manifestly abused their power, because it is always to
be assumed that discretion is exercised to do complete justice.

ID.—APPEAL FROM MUNICIPAL COURTS—DILIGENCE OF THE PLAINTIFF.—As it has
been shown that the appellant employed diligence to have the transcript of
the record transmitted in due time to the District Court of San Juan, and
that if there was any neglect, such neglect must be charged solely against
the secretary of the municipal court, the dismissal of the appeal for delay in
transmitting the transcript of the record was not governed by sound ju-
dicial discretion.

The facts are stated in the opinion.

*Mr. Juan Guzmán Benítez* for petitioner.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

Upon a sworn application for a writ of *certiorari* made to this Supreme Court on April 26 last, by Attorney Juan de Guzmán Benítez, on behalf of José Albite, against the Judge of the First Section of the District Court of San Juan, said writ issued on the 29th of said month, and in compliance therewith, the record of the proceedings in said court with relation to the case prosecuted by Tomás Ferrer against Albite for the recovery of a sum of money, was transmitted to this Supreme Court, but the record of the proceedings had in the municipal court was not received which, however, we may dispense with as unnecessary to the ends sought.

The record shows the following facts:

1. That a civil action was brought in the municipal court of San Juan by Tomás Ferrer against José Albite for the recovery of a sum of money, and that, in this action judgment was rendered on February 3 of the current year against the defendant, who took an appeal therefrom to the District Court of San Juan.

2. That the respondent, Tomás Ferrer, applied to the District Court of San Juan, by petition dated April 6 and filed with the secretary of said court six days later, that the appeal should be held to be withdrawn owing to the abandonment thereof by the appellant, inasmuch as the case had not been entered as yet, nor any deposit made, nor any steps taken by the appellant for the prosecution of the appeal.

3. That a hearing having been had on the motion, the appeal was dismissed on the 24th of said month of April in the following terms:

"Upon the motion of the plaintiff and respondent of April 6, 1909, filed on April 12, 1909, the arguments of both parties having been heard and the affidavits of the defendant and appellant having been considered, the court adds that appearing as it does that the municipal court rendered its judgment on February 3, 1909, sustaining the complaint, that the defendant appealed and that on April 12, 1909, the record has not as yet been transmitted to this court, in view of the provisons of rule 34 of the Rules of this court, of section 303 of the

Code of Civil Procedure, and of section one of the act to regulate appeals, etc., of March 11, 1908, and the jurisprudence established by the Supreme Court of this Island in the case of *José López Zárate* v. *William Villavaso, certiorari,* opinion of February 13, 1908, the appeal is held to have been abandoned with the costs against the appellant.''

The petitioner, after alleging the foregoing facts, maintains that the decision of this Supreme Court of February 13, 1909, in the case of *José López Zárate* v. *William Villavaso,* is not applicable to this appeal in which the appellant exercised all the diligence possible to have the record transmitted to the appellate court, as shown by the affidavits which he filed at the hearing and the arguments on the motion relating to the abandonment of the appeal.

We have examined these affidavits, one by Juan de Guzmán Benítez, representing José Albite, and the other by Juan López Sicardo, secretary of the municipal court of San Juan, which have not been contradicted by Tomás Ferrer, and they prove that the defendant, Albite, took an appeal in due time from the judgment of the said municipal court, that he served notice of the appeal on the plaintiff, and that, in addition, he deposited $5 for costs, having furthermore, on a number of occasions, requested the secretary to prepare the record because he wished to hasten the prosecution of the appeal, without having been able to secure it owing to the pressure of work in the municipal court until April 12, when a copy of said record was concluded and transmitted to the appellate court.

As will be observed, this case cannot be compared to the case of the application for a writ of *certiorari* of José López Zárate, in which, as we stated herein, it was not proved in any manner whatsoever that the appellant had used diligence in the presentation of the record.

Nor does the case of the application for a writ of *certiorari* by Enrique Viñas, decided December 20, 1907, bear any analogy to this case, as it was not shown in said case that the

appellant had used any diligence in the prosecution of his appeal.

Neither rule 34 of the Rules for district courts, nor section 303 of the Code of Civil Procedure, nor section one of the act to regulate appeals from judgments of municipal courts in civil actions, approved March 11, 1908, establish any imperative precept whatsoever by virtue of which an appeal taken from a judgment of a municipal judge should be dismissed, when the secretary of such municipal court fails to transmit the proper transcript of the record to the appellate court in due time. And this being the case, the dismissal of the appeal is a matter addressed to the sound discretion of the judge.

We understand that superior courts should not reverse orders or judgments based on the exercise of such a discretion, unless they are convinced that the lower court has manifestly abused its power, because it is always to be assumed that discretion is exercised to do complete justice. (*Garner* v. *Erlinger,* 86 Cal., 60; *Dupuy* v. *Shear,* 29 Cal., 232; *Bailey* v. *Taaffe,* 29 Cal., 413; *Burns* v. *Scooffy,* 98 Cal., 271; *Mulkey* v. *Mulkey,* 100 Cal., 91.)

As it has been shown that the appellant employed diligence to have the transcript of the record transmitted in due time to the District Court of San Juan, and that if there was any neglect, such neglect must be charged solely against the secretary of the municipal court, we are of the opinion that the decision of the said District Court of April 24 last was not governed by sound judicial discretion, and, therefore, should be set aside, and it is ordered that the appeal in question be prosecuted as provided by the said Act of March 11, 1908.

*Application sustained.*

Justices Figueras, MacLeary and Wolf concurred.

Mr. Justice del Toro took no part in the decision of this case.