[Civ. No. 1016. First Appellate District.—March 15, 1912.]

HATTIE M. KEARNEY, Respondent, v. JOHN PALMER, C. KNUDSON, JOHN DOE PETERSON, J. W. PIERSON, and MARY JANE SANDSTONE (H. B. MEHRMAN, Administrator, etc., Substituted in Place of JOHN PALMER, Now Deceased), Appellants.

VACATION OF DEFAULT JUDGMENT—GENERAL RULE AS TO REVIEW OF DISCRETION UPON APPEAL—ABUSE—BORDER LINE.—Under the general rule that the granting or denial of a motion to set aside a judgment by default is largely a matter of discretion to be exercised by the trial court, and that the action in granting or refusing the application will only be reversed where there is a clear abuse of discretion, it is held that while the present appeal from an order refusing to vacate a judgment by default appears to be near the

border line, yet this court is unable to say, in view of the entire record, that the trial court abused its discretion in denying appellants' motion.

ID.—RELIANCE OF SUBSTITUTED ATTORNEY UPON FALSE STATEMENT OF CLIENTS.—Where it appears that a substituted attorney relies upon the false statement of his clients appealing that the demurrer had not been disposed of, they should not be allowed to complain of the result of their own false statements; and where there are several statements in their joint affidavits which are shown to be untrue, the court was justified in distrusting all of their statements.

ID.—ACTION TO QUIET TITLE—INSUFFICIENT AFFIDAVIT OF DEFENSE— DEFENDANTS MERE SQUATTERS ON STATE LANDS.—Where the complaint of the plaintiff showed a cause of action to quiet title to land owned by the plaintiff, and the affidavit of defense filed with the motion to vacate the judgment for the plaintiff by default merely denied plaintiff's title upon information and belief, and clearly shows that defendants are mere squatters on land belonging to the state, with no title or claim of title to the premises sued for, it is held that this court, for that reason, is more readily inclined to affirm the action of the trial court in refusing to vacate the judgment.

ID.—CLAIM OF APPELLANTS THAT ORIGINAL ATTORNEY MISLED THEM— CONFLICT OF EVIDENCE.—Where there is a clear conflict of evidence as to the claim of the appellants that they were misled by their original attorneys as to whether the demurrer had been overruled, this court must assume that the trial court in denying the motion resolved all conflicts of evidence against the appellants.

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

N. Soderberg, for Appellants.

E. K. Taylor, for Respondent.

HALL, J.—This is an appeal from a judgment entered against the appellants upon their failure to answer to the complaint within the time allowed by the court upon overruling their demurrer to plaintiff's complaint.

The default of appellants was regularly entered on the twenty-third day of March, 1910. Subsequently appellants made a motion for an order to open said default, and to permit them to answer to the complaint, which motion was after

hearing by the court denied, and subsequently the judgment appealed from was entered.

The only question presented for determination upon this appeal is as to whether or not the court erred in denying the motion to open the default.

The grounds of the motion were that default had been entered against appellants through their excusable neglect and inadvertence. (Code Civ. Proc., sec. 473.)

At the outset it is hardly necessary to say that the granting or denial of a motion to set aside a default is largely a matter of discretion to be exercised by the trial court, and that its action either in granting or refusing the application will only be reversed where a clear case of abuse of such discretion is shown by the appellant. (*Garner* v. *Erlanger,* 86 Cal. 60, [24 Pac. 805] ; *Coleman* v. *Rankin,* 37 Cal. 249; *Williamson* v. *Cummings,* 95 Cal. 652, [30 Pac. 762] ; *Cass* v. *Hutton,* 155 Cal. 103, [99 Pac. 493] ; *Ingrim* v. *Epperson,* 137 Cal. 370, [70 Pac. 165].)

While the present appeal presents a case that appears to be near the border line, we are unable to say, after an examination of the entire record before us, that the trial court abused its discretion in denying appellants' motion.

The complaint is in the usual form for an action to quiet title. Appellants, by their attorney, Hiram Luttrell, filed a general demurrer to the complaint January 22, 1910, which was overruled by the court February 11, 1910, and fourteen days allowed to appellants in which to answer to the complaint. Notice of this order was in open court waived by the attorney for appellants. The time to answer expired February 25, 1910.

Although Hiram Luttrell was the attorney of record for appellants, one Mr. Murphy was also acting with him for appellants. Appellants became dissatisfied with their attorneys, and on March 18, 1910, demanded and received from them all papers delivered to said attorneys in connection with said suit, and discharged said attorneys, and on the following day, March 19th, obtained from Mr. Luttrell a substitution of attorneys signed in blank, which had been prepared by the present attorneys of appellants, and was certainly returned to them not later than March 21st. On this day Mr. Soderberg, one of the present attorneys for appellants, examined the files of the court in this action, and of course discovered that a de-

murrer had been filed. He made no other examination to discover what action, if any, had been taken upon the demurrer, but, as stated in his affidavit, "relied upon the statement of my clients that the demurrer was undisposed of." In this connection it should be stated that there is in none of the affidavits any other reference to any such statement as having been made by said clients. There is, it is true, in the affidavit made by appellants, a statement that said Murphy and Luttrell had stated to them "that said demurrer . . . would not come up in court before the twenty-fifth day of March, 1910." The truth of this statement, however, was denied by the affidavit of Mr. Murphy; and we must assume that the court accepted the statement of Mr. Murphy as correct. Indeed, there are several statements in the joint affidavit made by the appellants that are quite certainly shown to be untrue, which justified the court in distrusting all their statements.

Mr. Soderberg's failure to discover that the demurrer had been disposed of was thus clearly the result of his having been misled by the false statement of appellants, who should not be allowed to complain of the result of their own false statement. On the other hand, if Mr. Soderberg did not rely on such statement, or if no such statement was made to him, it is clear that he did not take the usual and proper means to ascertain the fate of the demurrer. This could have been readily ascertained by examining the register of actions or the minutes of the court. In no case do the files of the court show the disposition of a demurrer until the judgment-roll is made up, which is not until entry of judgment.

We are the more readily inclined to affirm the action of the trial court because of other matters that appear in the record.

Appellants, with their motion, filed their proposed answer. While in this answer they deny, upon information and belief, the title of plaintiff, they clearly show that none of the appellants has or claims any title at all, save that they allege that each is in possession of some undescribed portion of the premises in suit, the title to all of which they allege to be in the state of California. It is quite clear from their tendered answer that they are simply "squatters," with no title or claim of title to the premises sued for.

It is not claimed that plaintiff or her attorney in any way misled appellants or their attorneys. The claim of appellants is that they were misled by their own original attorneys. In all the essential matters concerning the dealings between appellants and such attorneys, the record presents at least a case of conflict of evidence. We must assume that the court resolved all conflicts in the evidence as to the facts against appellants.

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 15, 1912.