[Civ. No. 4134. First Appellate District, Division One.—March 14, 1922.]

## JOHN P. SATHER, Respondent, v. EMMA ROSIE SATHER, Appellant.

[1] DIVORCE—RELIEF FROM DEFAULT—INSUFFICIENCY OF AFFIDAVIT.— On this appeal from an order denying a motion to set aside an interlocutory judgment of divorce and disallowing the appellant's application to file an answer, the grounds stated in appellant's affidavit are clearly insufficient as a matter of law to justify the granting of any relief under the provisions of section 473 of the Code of Civil Procedure.

[2] ID.—RELIEF FROM DEFAULT—DISCRETION—APPEAL.—The granting or denial of a motion to set aside a default is largely a matter of discretion to be exercised by the trial court, and its action will only be reversed where a clear abuse of discretion is shown.

APPEAL from an order of the Superior Court of Alameda County denying a motion to set aside an interlocutory decree of divorce. A. F. St. Sure, Judge. Affirmed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

George Gelder for Respondent.

KNIGHT, J., *pro tem.*—This is an appeal by defendant from an order denying her motion to set aside an interlocutory judgment of divorce and disallowing her application to file an answer. The complaint for divorce was upon the ground of desertion. Personal service of the summons was had upon the defendant, and failing to answer, her default was entered. On April 14, 1921, an interlocutory judgment of divorce was granted and entered in favor of plaintiff. On June 23, 1921, about six weeks subsequent to the entry of said interlocutory judgment, defendant filed two motions, one to set aside the interlocutory decree and the other for an allowance of counsel fees and alimony. The motions were noticed for hearing on July 1, 1921, and were heard by the court and denied on August 5, 1921. Defendant's application for relief from the default is based upon her own affidavit, and the proposed verified answer, and the sole reason stated by appellant for failing to answer the complaint, within the statutory period, is that "at the time of the service of said process defendant was so sorely disheartened by the past conduct of plaintiff that she failed to defend said action, fearing that if she did so the plaintiff might cause her further arrest on some pretext or another." In said affidavit it is further stated that ever since the service of the summons plaintiff has been ill and under the care of a physician; that her physical condition "has been brought about by the unwarranted attacks of plaintiff by his either having her arrested or causing her to be arrested on one pretext or another and causing detectives to follow and annoy her." Plaintiff, in a counter-affidavit, denies the statements contained in defendant's affidavit, and besides challenging the good faith of defendant's position, sets forth facts, which stand uncontradicted, so far as the record before us discloses, showing that these parties have been engaged in much previous legal controversy concerning their marital and property rights. In said counter-affidavit plaintiff states that three previous actions

between himself and wife have been brought and disposed of by the superior court of Alameda County. One was an action for divorce commenced by the appellant upon the ground of extreme cruelty. Although the court on September 29, 1920, denied a divorce to either party, it nevertheless found, on the issues raised by respondent's cross-complaint that appellant had on February 20, 1920, deserted and abandoned respondent. The second action was apparently an action in replevin brought by the respondent to recover the possession of certain personal property, presumably furniture. The court, on September 29, 1920, decided in favor of respondent, and again found that the appellant had on February 20, 1920, deserted and abandoned the respondent. The nature of the third action is not revealed by the counter-affidavit, but it is shown that it was brought by the respondent, and was afterward dismissed on stipulation. Subsequent to the disposal of these various actions, to wit, on October 14, 1920, a property settlement was effected between the parties, through appellant's attorney, whereby appellant was given certain household furniture and two hundred dollars in cash, in consideration for which appellant waived any and all further claim against the respondent, or his property, or his estate, including future alimony, maintenance, and counsel fees.

It is further stated in said counter-affidavit that subsequent to said property settlement the appellant, without respondent's knowledge, purchased on credit certain furniture from a furniture company in San Francisco, upon the representation that she was a married woman and was then living with her husband; that before said furniture was paid for appellant sold it to other parties, which resulted in her being arrested at the instance of said furniture company, and the bringing of an action by said furniture company against the respondent and the appellant for the recovery of the value of the furniture, which action was, at the time of the hearing of these motions, pending in the superior court of the city and county of San Francisco.

At the expiration of one year from the date on which the court in the other action found that respondent had been abandoned by appellant, respondent filed this action for divorce.

[1] The state of the record before us demonstrates two things: First, that the grounds stated in appellant's affidavit are clearly insufficient as a matter of law to justify the granting of any relief under the provisions of section 473 of the Code of Civil Procedure, and, secondly, that from the facts stated in both affidavits it was a matter resting entirely with the trial court to say which of the parties should be believed.

. [2] It has been repeatedly held that the granting or denial of a motion to set aside a default is largely a matter of discretion to be exercised by the trial court, and that its action either in granting or refusing the application will only be reversed where a clear abuse of discretion is shown. (*Morton* v. *Shannon*, 26 Cal. App. 689 [147 Pac. 1179]; *Kearney* v. *Palmer*, 18 Cal. App. 517 [123 Pac. 611]; *Garner* v. *Erlanger*, 86 Cal. 60 [24 Pac. 805]; *Williamson* v. *Cummings*, 95 Cal. 652 [30 Pac. 762]; *Cass* v. *Hutton*, 155 Cal. 103 [99 Pac. 493]; *Ingrim* v. *Epperson*, 137 Cal. 370 [70 Pac. 165].)

In view of the facts shown by the record here, it is obvious that the court did not abuse its discretion.

The order appealed from is affirmed.

Tyler, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 11, 1922.

All the Justices concurred.                    -  ·

Waste, J., was absent and Richards, J., *pro tem.*, was acting.