[Civ. No. 12045.   First Dist., Div. One.   Dec. 22, 1942.]

RUTH CLARK, Appellant, v. LEON ROBERT CLARK, Respondent.

Will H. Winston for Appellant.

Newton M. Todd and Fred A. Watkins for Respondent.

KNIGHT, J.—Plaintiff was granted an interlocutory decree of divorce, and pursuant to stipulation made in open court the trial court embodied in the decree the terms of a property settlement agreement theretofore entered into between the parties whereby plaintiff was awarded the custody of the minor child, $60 a month for its maintenance, $25 a month for the support of the plaintiff, and certain property was set apart to the respective parties as their sole and separate property. Subsequently plaintiff employed other counsel, and about two and a half months after the entry of the decree filed a motion under section 473 of the Code of Civil Procedure to set aside and vacate the provisions of the decree adjudicating the property rights upon the grounds of mistake, inadvertence and excusable neglect. The motion was denied, and from the order made in that behalf plaintiff prosecutes this appeal.

The law is well settled that an application for relief under said section 473 is addressed to the sound discretion of the trial court, and that an appellate court will not interfere with the exercise of such discretion unless there is a clear showing of an abuse thereof. Here the record shows that the motion was heard on the merits before the trial judge who granted the decree, and it is apparent that under the circumstances a finding that the trial court abused its discretion in denying the motion would be wholly unwarranted.

As shown by the averments of the affidavit filed by plaintiff in support of her motion, she sought to have the decree set aside upon the grounds that she accepted the property settlement and stipulated to its confirmation on the advice of her former attorney; that he was without knowledge as to the value of the properties involved, and erroneously advised her that she had no community rights in certain property set apart to her husband, consisting of a one-third partnership interest in two stores; that as a consequence she was induced to accept a property settlement that was inequitable and unfair to her.

It appears from the record, however, that plaintiff herself was at all times entirely familiar with the nature, character and value of the properties involved, and the manner in which they were acquired; and that before agreeing to the settlement and prior to entering into the stipulation to confirm the same she discussed the terms thereof in detail with

her attorney and with friends; furthermore it appears that when the property settlement agreement was presented to the trial court for confirmation the trial court took the precaution to inform plaintiff that she should fully understand the settlement before stipulating to its confirmation, and to that end she was given every opportunity to reconsider the matter and to express her dissatisfaction therewith and to reject it if she believed it was unfair to her; and thereafter she again stipulated that the terms thereof be embodied in the decree.

The averment that she was erroneously advised respecting her community rights was evidently based upon the advice given by her present attorney. However, that question was fully gone into at the hearing of the motion, and the adverse conclusion reached thereon by the trial court finds ample evidentiary support. The supporting evidence consists mostly of testimony given by plaintiff's former attorney who went on to explain the nature of the advice he had given to plaintiff and the facts and circumstances upon which it was based. In this regard he pointed out that the advice so given was founded largely upon a previous property settlement agreement entered into between the parties in the year 1928, which agreement was produced in court and introduced in evidence. The contents thereof are not set forth in the record on appeal, but it appears from the testimony given in connection with the execution of the agreement that between 1926 and 1928, which was subsequent to the marriage of the parties, plaintiff received between twelve and fifteen thousand dollars in royalties from certain oil properties; that at the time of his marriage to plaintiff the defendant was the owner of a one-third partnership interest in one store, and that the other store was established with capital earned by the first; that in 1928 the parties entered into said property settlement agreement whereunder it was agreed and declared that the partnership interest of the defendant in said stores would continue to be his separate property. The effect of this agreement, along with the facts surrounding the execution thereof, were evidently taken into consideration by the trial court in determining the issues before it. Moreover the entire matter of the fairness of the property settlement agreement here involved was inquired into, and it is quite obvious that if the trial court had entertained any doubts as to whether plaintiff was made the victim of an inequitable property settlement

through erroneous legal advice or for any other reason, it would have granted her motion and reopened the trial of the case on that issue. So far as the record on appeal discloses, there is nothing which would justify the conclusion that its refusal so to do constituted an abuse of discretion or that any different result would have been obtained if the motion had been granted.

Plaintiff makes no contention that she did not enter into the stipulation that the terms of the property settlement be made part of the decree, nor could such contention be made, for the reason that throughout the affidavit filed by her in support of her motion she averred that she did so stipulate. ■ But she complains that the trial court made no inquiry as to the fairness of the settlement prior to granting the decree, and that it should have done so in view of the fact that when she was asked the question as to whether the settlement was satisfactory to her she merely replied, "I suppose so."

It is impossible to ascertain from the record on appeal the extent of the inquiry made by the trial court as to the fairness of the property settlement agreement at the time of the trial of the divorce action, for the reason that only a brief excerpt of the proceedings there had appear in the reporter's transcript herein. However, as already pointed out, the matter of the fairness of the settlement was gone into at the hearing of the motion to vacate, and from the fact that after hearing the evidence the trial court denied the motion, it must be assumed that it believed the settlement was fair and that it would have so held if more extensive inquiry had been made prior to the granting of the decree. Furthermore, as stated, the record shows that plaintiff was personally present in court and represented by counsel at the time the stipulation was entered into, and that the trial court informed plaintiff that she should fully understand the settlement before accepting it, and in fact upon its own suggestion declared a court recess for the express purpose of affording plaintiff ample time to consider the matter. Thereafter, so the record shows, the matter was again taken up in court and the stipulation was again entered into, whereupon the court stated, "It is all right, then, the decree is granted, custody of the minor child is awarded to the plaintiff, the court to make the decree pursuant to the stipulation . . . ";

and ten days elapsed before the decree was signed, during which period no dissatisfaction was expressed as to the fairness of the settlement. In view of the foregoing state of the record, it would seem clear that the complaint plaintiff now makes is without merit.

The order denying the motion is affirmed.

Peters, P. J., and Bray, J. pro tem., concurred.