[Civ. No. 14692. Second Dist., Div. Two. Feb. 7, 1945.]

Estate of SARAH RABINOWITZ, Deceased. SOL ROB-BINS, Appellant, v. ROSE SALLY NEUMANN, Respondent.

Sol Robbins, in pro. per., for Appellant.

Jerome Weber for Respondent.

McCOMB, J.—This is an appeal from an order denying plaintiff's motion, made under the provisions of section 473 of the Code of Civil Procedure, to set aside an order granting a motion for a nonsuit in a will contest.

These are the essential facts:

On May 22, 1942, the trial court granted defendants' motion for a nonsuit in a will contest. Thereafter this order was reversed by the District Court of Appeal and a new trial was ordered. (*Estate of Rabinowitz*, 58 Cal.App.2d 106 [135 P.2d 579].)

On April 27, 1944, the case was called for a retrial, the jury impaneled and sworn in, and plaintiff was directed to proceed with his case. Plaintiff called as his first witness Rose Sally

Neumann, one of the defendants. She was not in the court-room, nor had she been subpoenaed to appear at the trial. The trial judge then directed plaintiff to proceed with his case, whereupon plaintiff stated that he had no other witness. Thereafter defendants' motion for a nonsuit was granted. On May 25, 1944, plaintiff made a motion under section 473 of the Code of Civil Procedure to set aside the order of April 27, 1944, granting defendants' motion for a nonsuit. This motion was denied.

This is the only question necessary for us to decide:

*Did the trial court err in denying plaintiff's motion under section 473 of the Code of Civil Procedure to set aside the order of April 27, 1944, granting defendants' motion for a nonsuit at the trial of the will contest?*

This question must be answered in the negative. It is only when it appears to the satisfaction of the trial court that a judgment has been entered through mistake, inadvertence, surprise, or excusable neglect that the trial judge is justified in setting a judgment or order aside under the provisions of section 473 of the Code of Civil Procedure.

The granting of such an order rests largely in the discretion of the trial court, whose ruling will not be disturbed on appeal unless an abuse of discretion clearly appears. (*Coleman* v. *Rankin,* 37 Cal. 247, 248; *Morton* v. *Morton,* 117 Cal. 443, 446 [49 P. 557]; *Clark* v. *Clark,* 56 Cal.App.2d 324, 326 [132 P.2d 527].)

In the instant case the only material facts appearing in the affidavit filed by plaintiff in support of his motion are those set forth above. Clearly none of such facts would have supported a finding that the order of nonsuit was granted on the ground of mistake, inadvertence, surprise or excusable neglect.

The failure of plaintiff to have his witnesses in court at the hour appointed for trial was in no sense due to "mistake, inadvertence or excusable neglect" but rather to plaintiff's lack of diligence, gross negligence, or miscalculation. (*Coleman* v. *Rankin, supra,* at p. 249.)

For the foregoing reasons the order is affirmed.

Moore, P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 4, 1945.