[Civ. No. 16013.   First Dist., Div. Two.   Nov. 17, 1954.]

M. E. MacKINNIS et al., Respondents, v. JOHN McHUGH et al., Appellants.

Norma Whiteley for Appellants.

Millington, Dell'Ergo & Morrissey and Wayne R. Millington for Respondents.

NOURSE, P. J.—This is an appeal from a judgment for plaintiffs after a trial at which defendants failed to appear and from an order denying defendants' motion to set aside said judgment under section 473, Code of Civil Procedure.

The action was one for damages arising out of alleged defects of a house constructed by defendants and sold by them to the plaintiffs. The complaint was filed on February 7, 1951. The attorneys then appearing for defendants filed a demurrer and an answer and the trial was originally set for February 28, 1952, but repeatedly continued. On June 16, 1952, defendants' attorneys moved for leave to withdraw as their counsel. The motion was granted on June 18, 1952, without any substitution of attorneys. Further continuations of trial followed. Another firm of attorneys then appeared for defendants. (It is not clear whether they were formally substituted or not; in the clerk's entries made part of the record there appears a substitution of attorneys on December 19, 1952.) Again further continuances were had. On April 13, 1953, the attorneys of defendants withdrew and advised

defendants that the trial was set for April 16, 1953; defendants failed to provide for their representation at the date set, but nevertheless the trial was continued to May 12, 1953, and then set for May 26, 1953, at 10 a. m. Defendants received notification of the trial date for May 12, 1953, and notice of time of trial for May 26, 1953. They did not take any action. On May 26, defendants making no appearance, testimony was offered by the plaintiffs and on May 29 judgment rendered as stated.

On June 8, 1953, the attorney presently appearing for defendants moved to set aside the judgment upon the ground that said judgment was taken through inadvertence, surprise and excusable neglect. The affidavit in support of said motion showed the withdrawal of the previous attorneys on April 13, 1953, and their advice that the trial was scheduled for April 16 and the notification of the later trial dates. As the only excuse it states ''that affiant was confused by these acts, notices and postponements and mistakenly believed that defendants' attorneys were acting and continuing to represent them, and that this would be true until the papers of the case were returned to the defendants and substitution of attorneys made.'' The court denied the motion, as stated before.

Although denials of relief under section 473, Code of Civil Procedure, are scanned more carefully on appeal than cases where the relief was granted, the question whether the neglect was excusable remains primarily within the sound discretion of the trial court, and the appellate court will not interfere unless said discretion appears to have been abused. (*Brill* v. *Fox*, 211 Cal. 739, 743 [297 P. 25]; *Estate of Rabinowitz*, 67 Cal.App.2d 840, 841 [155 P.2d 915]; *Keller* v. *Keller*, 91 Cal.App.2d 39, 41 [204 P.2d 361].) We cannot say that in this case abuse of discretion has been shown. Notwithstanding the warning of their attorneys that they had withdrawn and that the trial was imminent, appellants remained inactive for one and a half months. They neither communicated with their old attorneys concerning the preparation of the trial or the temporary protection of their interests, nor did they take any steps to have the trial proceed with other counsel. Moreover, the prior history of the case may well have been considered by the trial judge as indicating procrastination.

Order and judgment affirmed.

Dooling, J., and Kaufman, J., concurred.