[Civ. No. 716.    First Appellate District.—August 25, 1909.]

MONTEREY COAL COMPANY, a Corporation, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, and Hon. P. F. GOSBEY, Judge Thereof, Respondents.

MANDAMUS—CHANGE OF PLACE OF TRIAL—PENDENCY OF CONTEMPT PROCEEDINGS—VIOLATION OF INJUNCTION.—*Mandamus* will not lie to compel a superior court to change the place of trial to the county in which the defendants reside, where the ultimate right of the defendants to such change is not questioned by the court, but is merely held in abeyance pending proceedings for contempt against the defendants for violation of an injunction issued against them prior to the motion for the change of the place of trial.

ID.—RULE AS TO TREATMENT OF PARTIES IN CONTEMPT.—It is a settled rule that courts will not hear parties or issue orders or process in favor of litigants when they are in contempt of court until a reasonable time has expired, and the parties have been allowed to show cause, and either purged themselves of contempt or punished for such contempt.

PETITION for writ of mandate to the Superior Court of Santa Clara County. P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Francis M. Colvin, for Petitioner.

THE COURT.—The petitioner in this case asks for a writ of mandate to compel the superior court of Santa Clara county to grant the motion of the plaintiff for a change of venue in a certain action wherein one Lorenzo Fellers was plaintiff, and this petitioner, the Monterey Coal Company and others, were defendants. It is alleged in the petition that there was no conflict as to the showing made by the petitioner as to its residence in the city and county of San Francisco, and that the superior court announced that it would ultimately have to grant the motion for a change of venue to the city and county of San Francisco. It appears, however, from the petition that at the time of the commencement of the action of said Lorenzo Fellers against this petitioner, the Monterey Coal Company and others, the superior court of Santa Clara county issued a preliminary injunction, enjoining the said Monterey Coal Company, its agents, servants and employees, from doing certain things, and that prior to the motion for a change of venue, the said petitioner, or its agents or employees, had been guilty of certain contempts of court in disobeying the order of injunction so issued by the court. It further appears that proceedings are now pending in said superior court upon an order to show cause, and an investigation is being made as to whether or not the said petitioner, its agents, servants or employees, have been guilty of contempt.

The court will not be compelled by writ of mandate to grant an order for a change of venue while the petitioner is in contempt of court, and pending the hearing of proceedings in regard to such contempt. It is well settled that courts will not hear parties or issue orders or other process in aid of litigants when they are in contempt of court until a reasonable time has expired, and the parties have been allowed to show cause, and either purged of the contempt or pun-

ished for such contempt. We will not compel the court to transfer the case. (See *Walker* v. *Walker,* 59 How. Pr. (N. Y.) 476; *Remley* v. *De Wall,* 41 Ga. 476.)

The writ is denied.