[S. F. No. 5880.    Department Two.—December 3, 1912.]

JOAKIM LANG, as Administrator of the Estate of Albert Lang, Deceased, Appellant, v. THE LILLEY & THURSTON COMPANY et al., Respondents.

PRACTICE—DISMISSAL—DEFAULT IN FILING AMENDED COMPLAINT— DELAY FOR FORTY-EIGHT DAYS—PROMISE OF COUNSEL NOT TO TAKE DEFAULT.—Where a judgment dismissing an action against certain defendants was entered after the plaintiff had been in default for forty-eight days in failing to file a fourth amended complaint, after demurrers had been sustained to the three prior complaints, it cannot be said that the trial court abused its discretion in refusing to vacate the judgment, where it appears that such court believed the defect in the complaint, so far as such defendants were concerned, was incurable, and was on the point of sustaining the last demurrer without leave to amend, and the only showing made to excuse the delay was that counsel for such defendants had verbally promised not to take a default. Such a promise did not mean that plaintiff might go on indefinitely without pleading.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to vacate a judgment of dismissal entered upon the default of the plaintiff in failing to file an amended complaint. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Costello & Costello, and A. W. Brouillet, for Appellant.

Linforth & Herrington, and C. H. Wilson, for Respondents.

HENSHAW, J.—This is an appeal by the plaintiff from an order refusing to vacate a judgment entered in favor of the defendants Mahony Brothers. The following are the facts: Plaintiff had filed three complaints, to all of which demurrers had been sustained. To his last complaint, the second amended complaint, plaintiff confessed demurrer and asked and obtained ten days' time within which to file a third amended complaint. By stipulation between the attorneys this time was extended ten days. When the time thus extended by stipulation was about to expire on August 31, 1910,

plaintiff's attorney telephoned the attorney for Mahony
Brothers, respondents herein, asking a further extension of
time.    The affidavit of plaintiff's attorney upon this matter
is "that he communicated with C. H. Wilson, Esq., attorney
for the defendants, Mahony Brothers, asking him if the time
for filing the third amended complaint would be extended by
him.    Said C. H. Wilson replied, saying that he would not
take a default against plaintiff."    The affidavit of Mr. Wilson
declares an absolute want of recollection of this incident and
conversation, asserts affiant's belief that the conversation
did not take place, and insists that if it did take place the
import of the declaration was, and was only, that respondents'
attorney would not take an immediate default against plain-
tiff, but would allow him a reasonable time in which to
secure an order or a stipulation extending his time to plead.
It should be added that the action was brought against sev-
eral parties for their negligent conduct resulting in the death
of plaintiff's intestate; that by his demurrers Mr. Wilson
was successfully pressing his contention that there was an
improper joinder of causes of action and of parties defend-
ant in plaintiff's complaints, and that plaintiff's complaints
did not show any liability upon the part of Mahony Brothers.
The asserted conversation relative to the granting of further
time occurred on August 31, 1910.    Counsel for defendants
Mahony Brothers did not take judgment of dismissal for
default until October 19, 1910.    During the interval of forty-
eight days counsel for plaintiff neither obtained nor sought
any extension of time.

This application for relief is based on section 473 of the
Code of Civil Procedure, and from the foregoing statement
of facts it is manifest that the sole question is whether or not
the court abused its discretion in denying the application for
relief    The rule of decision and the course of conduct of this
court in dealing with such appeals has been well expressed
in *Ingrim* v. *Epperson,* 137 Cal. 370, [70 Pac. 165], where it
is said: "While it has been said in some cases that this dis-
cretion is better exercised when it tends to bring about a
decision of the cause upon its merits, the rule itself (not to
disturb an order setting aside, or refusing to set aside, a
default except in clear cases of an abuse of discretion by the
lower court) has never been relaxed.    This observation has

been in the nature of advice to the superior court, and not for the purpose of compelling it to decide in that mode. Unless the record clearly shows that the court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed.'' It is, of course, the province of the trial court to determine the truth when it is put in doubt by conflicting statements in the affidavits. In view of the fact that the trial court believed the defects in the complaint so far as the Mahony Brothers were concerned were incurable and was on the point of sustaining the last demurrer without leave to amend; in view further of the opposing statements of fact in the affidavits, and, finally, of the unquestioned fact that the attorney for plaintiff neglected for forty-eight days to secure any stipulation of extension of time, it cannot be said that the statement attributed to Mr. Wilson that he would not take default against plaintiff meant that plaintiff might go on indefinitely or forever without pleading. The delay of forty-eight days was unexplained and unexcused. In view of all these facts and circumstances it cannot be said that there was any abuse of discretion in the order appealed from.

It is, therefore, affirmed.

Lorigan, J., and Melvin, J., concurred.