[Civ. No. 12653. Second Dist., Div. One. Nov. 27, 1941.]

AGNES SICOTTA ROSS, Respondent, v. RICHARD R. ROSS, Appellant.

Betts & Garrison and John A. Loomis for Appellant.

Vernon Cruickshank for Respondent.

SHAW, J. *pro tem.*—This is an action for divorce, and at the time plaintiff filed her complaint she also filed an affidavit setting forth her claim of necessity for temporary alimony

and for an allowance of counsel fees and costs to enable her to prosecute the action. On this affidavit she obtained an order directing defendant to show cause on August 8, 1939, why such alimony, counsel fees and costs should not be allowed to her. At the time so fixed, defendant did not appear, and an order was made directing him to pay certain sums for plaintiff's counsel fees and costs in the action, but no order for alimony was made. Subsequently, defendant made a motion to vacate the order for counsel fees and costs. It was denied, and the order of denial is the subject of one of the appeals now before us.

The ground of defendant's motion to vacate was that his failure to appear at the hearing of plaintiff's motion was the result of accident, surprise and excusable neglect on the part of defendant and his attorneys. The motion was heard on affidavits, from which the following facts may be gleaned. A previous divorce action by this plaintiff against the defendant, in which the plaintiff had caused summons, complaint and an order to show cause *in re* alimony, counsel fees and costs to be served on defendant, and defendant had made a motion for change of venue, and in which the same attorneys acted for defendant as in the present case, had been dismissed a few days before this action was begun. In the present action copies of the summons and complaint, of plaintiff's affidavit and of the order to show cause above mentioned were bound together in one cover, and in that form were delivered to defendant in Stanislaus County by way of service of the several papers upon him. Defendant states that he "never at any time inspected said papers or examined them closely and that he was therefore not aware of the inclusion in said group of papers of an order to show cause." He at once took them to the office of his attorney at Modesto and there left them. This attorney "did not inspect said papers in the presence of said defendant, nor discuss the matter with him at all," and "was not himself aware of the inclusion in said papers of an order to show cause . . . or the necessity of said defendant appearing before the above entitled Court on August 8, 1939," but prepared "papers on motion for change of venue" and sent them to a firm of attorneys in Los Angeles, with the entire group of papers he received from defendant and a letter informing those attorneys that "copy of the summons and

the complaint" was enclosed. On reaching Los Angeles this letter was opened by the secretary of the Los Angeles attorneys, who read the letter but not the enclosed papers. She handed the letter and papers to one of the firm, stating that they contained "complaint and motion for change of venue." This attorney read the letter but did not discover the order to show cause, and he handed the file to another attorney in the firm and told him the case involved a motion for change of venue exactly like the one in the previous case and asked him to attend to it. Apparently the second attorney also did not read the papers, for he "did not learn that an order to show cause had been ordered and was heard on August 8, 1939, until August 10, 1939, when he was informed by attorney for plaintiff." Nothing appears to indicate that any person who had these papers in hand lacked ample opportunity to examine and read them.

On this showing the trial court denied defendant's motion to vacate. An application of this sort for relief under section 473, Code of Civil Procedure, is addressed to the sound discretion of the trial court, and its order, whether granting or denying the application, will not be reversed on appeal unless an abuse of discretion appears. We find no abuse of discretion here. ▮ "While it has been said in some cases that this discretion is better exercised when it tends to bring about a decision of the cause upon its merits, the rule itself has never been relaxed. This observation has been in the nature of advice to the superior court, and not for the purpose of compelling it to decide in that mode. Unless the record clearly shows that the court has abused its discretion, its order, whether it be to grant or deny the application, will be affirmed." (*Ingrim* v. *Epperson* (1902), 137 Cal. 370, 372 [70 Pac. 165].) See also, *Alferitz* v. *Cahen* (1904), 145 Cal. 397, 399 [78 Pac. 878]; *Lang* v. *Lilley & Thurston Co.* (1912), 164 Cal. 294 [128 Pac. 1026]; *Morton* v. *Shannon* (1915), 26 Cal. App. 689, 690 [147 Pac. 1179].

▮ Defendant has cited here some of the cases declaring that the discretion is better exercised in favor of a decision on the merits, but none of them, and especially none of those in which an order denying relief was reversed, presents facts such as we have here. Here it appears that the defendant himself, three attorneys to whom the care of his interests in this action was committed and one legal secretary

unanimously failed to read all the papers served on him or even to ascertain what papers were served, although they all had those papers in their hands with ample opportunity, as far as appears, for examination. Such a failure to examine the papers served on defendant undoubtedly constituted a neglect of duty. (*Farrar* v. *Steenbergh* (1916), 173 Cal. 94, 98 [159 Pac. 707] ; *Edwards* v. *Hellings* (1894), 103 Cal. 204, 206 [37 Pac. 218] ; *Garner* v. *Erlanger* (1890), 86 Cal. 60, 63 [24 Pac. 805] ; *W. J. Wallace & Co.* v. *Growers Sec. Bk.* (1936), 13 Cal. App. (2d) 743, 747 [57 Pac. (2d) 998] ; *Penryn Land Co.* v. *Akahori* (1918), 37 Cal. App. 14, 16 [173 Pac. 612] ; *Gillingham* v. *Lawrence* (1909), 11 Cal. App. 231, 233 [104 Pac. 584].) Under some circumstances such neglect might be excusable, but the question whether an excuse appears is primarily one for the trial court's discretion. In passing upon that question here the trial court might properly consider, in addition to the failure to examine, the facts that in a former action of the same kind the defendant had a short time before been served with, and the attorneys had handled, a set of papers which, to their knowledge, included an order to show cause as well as summons and complaint,—a fact which might very well cause them to expect another order to show cause in this action,—and that no showing was made of circumstances of stress or urgency upon defendant or his counsel, of deceptive appearance or of other matters such as have sometimes been regarded as excusing careful attention to the subject in hand. ■ It may be that an order granting defendant relief could have been sustained on the record before us, but it does not follow that an order denying it must be reversed; there are cases in which an order either way will be sustained on the ground that no abuse of discretion appears. (*Lynn* v. *Knob Hill Improvement Co.* (1917), 177 Cal. 56, 62 [169 Pac. 1009] ; *Dwyer* v. *Davis* (1932), 120 Cal. App. 435, 438 [8 Pac. (2d) 168] ; *Anglo California Trust Co.* v. *Kelly* (1928), 95 Cal. App. 390, 392 [272 Pac. 1080].)

■ Defendant made a motion for change of the place of trial to Stanislaus County, supporting it by his affidavit that he resided in that county. This affidavit was not contradicted, but on the hearing of the motion, held after the order for counsel fees and costs had been made, it appeared that this order had not been complied with, and thereupon

the court made an order denying the motion "without prejudice to renew said motion after defendant has complied with the order of this court for payment of attorney fees and costs to plaintiff." Section 396b, Code of Civil Procedure, is applicable here and directs that "Upon the hearing of such motion the court shall, if it appears that the action or proceeding was not commenced in the proper court, order the same transferred to the proper court." The counter showing for retention of the case which is authorized by that section "if an answer be filed" could not be made here, for there was no answer. On defendant's uncontradicted showing the proper court was the Superior Court of Stanislaus County (Code of Civil Procedure, section 395), and the transfer should have been made (*People* v. *Pinches* (1931), 214 Cal. 177, 179 [4 Pac. (2d) 771]), unless excused on some of the grounds suggested by plaintiff.

Section 396b, Code of Civil Procedure, contains also a proviso that in an action for divorce the court may, prior to the determination of such a motion for change of venue, "consider and determine motions for allowance of . . . counsel fees and costs, and make all necessary and proper orders in connection therewith." While this provision authorizes the hearing of the described motions at the time stated, the orders authorized by it are such only as are "in connection therewith," that is, in connection with the consideration and determination of the motions so heard. The motion for counsel fees and costs was completely determined by the order directing defendant to make payments therefor, and no further consideration could be given it. The order now in question has no connection with the order for counsel fees and costs, except perhaps that it was made as a means of enforcing that order. But if it be so regarded, orders of that sort are not within this proviso of section 396b.

The order now under consideration is in effect an order refusing to act finally on defendant's motion for change of venue until he has complied with the order for payment of counsel fees and costs. No excuse for defendant's failure to comply was made on the hearing of the motion, and the trial court was therefore entitled to assume that his non-compliance was willful and without excuse. Upon these facts we agree with plaintiff's contention that the trial court's action was proper under the rule which is stated in *MacPherson*

v. *MacPherson* (1939), 13 Cal. (2d) 271, 277 [89 Pac. (2d) 382], as follows: "A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state."

Defendant claims that under the terms of section 396b, Code of Civil Procedure, he is entitled to a change of venue as a matter of right where, as here, the fact of his non-residence is undisputed. But the rule above quoted has been applied as a reason for denying to a disobedient litigant other rights which are, under ordinary circumstances, as absolute and unconditional as the right to a change of venue. Thus, under the rule, such a party has been denied the right to prosecute an appeal, his appeal being dismissed because of his contumacy (*MacPherson* v. *MacPherson, supra; Knoob* v. *Knoob* (1923), 192 Cal. 95 [218 Pac. 568]); the entry of a final decree of divorce has been denied to such a party (*Weeks* v. *Superior Court* (1921), 187 Cal. 620 [203 Pac. 93]); it has been held that the court need not hear his application for modification of an interlocutory decree of divorce (*Schubert* v. *Superior Court* (1930), 109 Cal. App. 633 [293 Pac. 814]); it has been held that the appellate court will not issue to such a party its writ to prohibit or set aside action claimed to be in excess of jurisdiction (*Funfar* v. *Superior Court* (1930), 107 Cal. App. 488 [290 Pac. 626]); and it has been held proper for the trial court to refuse to hear a motion to vacate an interlocutory decree of divorce claimed to be void (*Soderberg* v. *Soderberg* (1923), 63 Cal. App. 492 [219 Pac. 82]). In *Monterey Coal Co.* v. *Superior Court* (1909), 11 Cal. App. 207 [104 Pac. 585], the rule was applied also to a motion for change of venue, and it was held that the trial court might properly refuse to hear the motion while proceedings were pending against the moving party on a charge of contempt of court. This case was cited with approval in *Weeks* v. *Superior Court, supra.* The order appealed from here is similar in effect to that approved in *Monterey Coal Co.* v. *Superior Court, supra,* and the same rule should be applied to uphold it. There are cases holding that the doctrine under consideration cannot be extended so far as to preclude a defendant from making his defense, but the order here does not have that effect. On complying with the order he may have his change of venue, and if he is

unable to comply, no doubt on a proper showing to that effect he can be purged of his contempt and allowed to renew his motion; but even if the order stands unchanged, the trial of the case may proceed where it was filed and he may make his defense as if he had made no motion for change of venue.

The appeal from the order overruling defendant's demurrer is dismissed. The other orders appealed from are affirmed.

York, P. J., and White, J., concurred.