[Civ. No. 16022. Third Dist. Mar. 31, 1977.]

DONALD L. MARTIN, Plaintiff and Respondent, v.
ORRIN S. COOK, Defendant and Appellant.

## COUNSEL

Wilke, Fleury, Hoffelt & Gray, Joe S. Gray and Alan G. Perkins for Defendant and Appellant.

Bostwick & Rowe and Everett P. Rowe for Plaintiff and Respondent.

## OPINION

**EVANS, J.**—In this medical malpractice proceeding, defendant physician appeals from a jury verdict and judgment awarding $100,000 in damages to the plaintiff. Defendant does not appeal the propriety of the damage award based upon the facts presented. He confines his attack to the trial court's denial of his motion to dismiss for plaintiff's failure to bring the case to trial within five years (Code Civ. Proc., § 583, subd. (b)).[1]

Contemporaneous with the defense motion to dismiss, plaintiff filed a motion for relief under Code of Civil Procedure section 473.[2]

Following hearing on each of the motions, the court made its order in part as follows: "The motion of defendant ORRIN COOK, M.D. entitled 'Motion to Dismiss Action—Failure to Bring to Trial Within Five Years (CCP Section 583(b))' and the motion of plaintiff Donald Martin entitled 'Motion for Application for Relief from Dismissal under CCP Section 473' came on regularly for hearing on June 27, 1975, . . .

". . . . . . . . . . . . . . . . . .

"The Court finds that plaintiff through inadvertence and mistake failed to comply with the provisions of California [Code of] Civil

---

[1]Code of Civil Procedure section 583, subdivision (b), requiring mandatory dismissal of proceedings not brought to trial within five years, reads as follows: "(b) Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

[2]Code of Civil Procedure section 473 in part pertinent to this proceeding reads as follows: "Relief from judgment or order taken by mistake, etc. The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. . . ."

Procedure Section 583(b) in failing to bring the within action to trial within five years of the filing of the complaint. It is, therefore, unnecessary to make any finding with respect to the disputed oral waiver of the provisions of Code of Civil Procedure Section 583(b) claimed by counsel for plaintiff and denied by counsel for defendant.

"IT IS HEREBY ORDERED that Plaintiff's Motion for Relief Pursuant to Code of Civil Procedure Section 473 is granted and Defendant's Motion to Dismiss for Failure to Bring the Action to Trial Within Five Years is denied."

The following sequential factual summary details the circumstantial prelude to the court's order. The original complaint was filed on May 25, 1970, followed by a first amended complaint on August 10, 1970, which defendant answered on August 20, 1970. On October 19, 1971, defendant noticed the taking of plaintiff's deposition for November 3, 1971, and on the following day, filed a notice of motion for an order requiring plaintiff to permit inspection of the teflon implant utilized in the surgery performed on the plaintiff. On the date of hearing the motion to permit inspection, the matter was dropped from the calendar. A trial setting conference was then held November 16, 1971, and the matter set for jury trial on February 7, 1972. On December 22, 1971, defendant's counsel Philip R. Birney of the firm of Wilke, Fleury, Sapunor & Hoffelt, and representing Hassard, Bonnington, Rogers & Huber, prepared a stipulation executed by plaintiff's counsel Everett Rowe of Bostwick & Rowe, and counsel for defendant. That stipulation filed December 22, 1971, reads as follows:

"IT IS HEREBY STIPULATED by and between the above entitled parties, through their respective counsel, that the trial in the above action presently set for February 7, 1972, may be dropped from the calendar; that the matter may be restored to the trial calendar upon the written request of either of the parties.

"IT IS FURTHER STIPULATED by and between the parties hereto, through their respective counsel, that the provisions of California Code of Civil Procedure Section 583(a) may be and the same are waived in this action."

The appeal record does not reflect any further activity on the case until October 10, 1974, when plaintiff filed a supplemental at-issue memorandum. On that date, defendant filed a demand for trial by jury. On April

15, 1975, the parties were advised by the court that a trial date of June 9, 1975, had been assigned. Thereafter, on June 2, 1975, a motion to dismiss was filed by defendant alleging that more than five years had elapsed since the commencement of the action (Code Civ. Proc., § 583, subd. (b)). ██ Within a week, plaintiff filed a contemporaneous motion seeking relief from the threatened dismissal pursuant to Code of Civil Procedure section 473.[3]

The motion for relief was supported by a declaration of plaintiff's counsel which referred to the previously filed stipulation and provided in part, "That plaintiff, relying on said stipulation, presumed that the requirements of California Code of Civil Procedure, Section 583 as to a mandatory dismissal had been waived and proceeded *normally* to prepare this case for trial." (Italics added.) Counsel argued that the stipulation signed by respective counsel for the parties was meant to refer to subdivision (b) of section 583 rather than subdivision (a), and that relief from a stipulation improperly formed may be granted within the discretion of the court where mistake of fact or other special circumstances render its enforcement unjust. Plaintiff's counsel does not argue that fraud was perpetrated but rather that a mistake of fact occurred and that plaintiff prepared for trial presuming the five-year statute had been waived by the parties. Defendant's counsel, Philip Birney, in a counter-declaration, stated that on October 19, 1971, he served notice of taking deposition of plaintiff and that two days later, plaintiff's counsel requested a stipulation that the deposition be continued from November 3 to December 1. That on November 16, 1971, a trial setting conference was held and the matter set for trial on February 7, 1972. The trial setting order directed that discovery be completed 30 days prior to trial. The declaration further alleged that on December 1, 1971, plaintiff's counsel, Mr. Rowe, telephoned Birney's office and advised that he would be unable to attend plaintiff's deposition and requested it be cancelled to be reset. Thereafter, on December 3, Birney attempted to contact plaintiff's counsel to reschedule the deposition. During a conversation with Rowe's secretary, Birney's office was advised that the deposition could not be taken before January 3, 1972. Birney advised the secretary that since discovery closed January 7, plaintiff's deposition would have to be taken in December and that if it was impossible to have the deposition prior to January 3, the trial date would have to be vacated. On December 9,

---

[3]A proceeding pursuant to Code of Civil Procedure section 473 in opposition to a motion to dismiss is proper and may be heard and considered contemporaneously with the motion to dismiss for lack of prosecution. (*Bergloff* v. *Reynolds* (1960) 181 Cal.App.2d 349 [5 Cal.Rptr. 461].)

Birney again contacted Mr. Rowe's secretary to advise her the trial date would have to be vacated. The secretary apologized for the delay and advised Birney that Rowe had agreed the matter be dropped from the calendar. Birney stated in his declaration, "There was no discussion that I recall at any time in which I discussed with or represented to counsel for the plaintiff that the provisions of Code of Civil Procedure Section 583(b) . . . would be waived." Birney acknowledged preparation of the stipulation which was ultimately filed. The declaration concluded by stating, "As a courtesy to counsel . . . in light of their Stipulation that the matter be taken off calendar without the necessity of the defendant filing a motion to continue and further as a part of the customary practice of this office when a plaintiff [so] stipulated . . . the additional clause with respect to waiving the provisions of . . . Section 583(a) was included within this Stipulation. There was never to my knowledge any intention to waive the provisions of . . . Section 583(b) . . . ."

Plaintiff's counsel Everett Rowe filed a counterdeclaration controverting the declaration of Birney in which he stated he requested that Birney's firm "prepare a stipulation waiving the rights of his client to a dismissal under the 5 year statute . . . before declarant [Rowe] would agree to vacating the trial date of February 7, 1972." Rowe alleged that Birney agreed and that Rowe, "relying on the representations made by Mr. Birney that the defendant was waiving his rights under Section 583 relating to the 5 year period, signed the stipulation . . . ." The motions were scheduled for hearing on June 27, 1975, and on the day prior to hearing, defense counsel filed a supplemental memorandum of points and authorities opposing plaintiff's motion for relief under section 473. The court took the matter under submission and allowed each party time to file additional affidavits in support of their respective positions. Birney, on behalf of the defendant, filed an additional declaration which attacked the veracity of the statements made by Rowe. It provided in part, "I wish to re-emphasize that each and every conversation that I had with the office for counsel for the plaintiff was with a person who represented that she was Mr. Rowe's secretary. Never did I discuss dropping this matter from the trial calendar directly with Mr. Rowe. At no time did I discuss with Mr. Rowe or anyone from his office anything relating to the waiver of the 5 year provision of Code of Civil Procedure Section 583(b). My original declaration indicated that I did not recall any such conversation which is true. The alleged conversation with respect to waiving the 5 year statute is the type that I would recall if it had occurred. I am sure that it did not occur because I never had authority to

waive the 5 year statute and the waiving of the 5 year statute is an act which is seldom done by my firm.

"I have read the Declaration in Opposition to the Motion to Dismiss and in support of Application For Relief From Dismissal Under C.C.P. Section 473, executed by Mr. Rowe as counsel for the plaintiff on or about June 18, 1975. If Mr. Rowe is inferring that I at any time represented to him that I would waive on behalf of my office or on behalf of my client the 5 year statute provision of Code of Civil Procedure Section 583(b), such implication is false. I never represented to Mr. Rowe or to anyone in his office or to anyone at all that the 5 year statute contained in Code of Civil Procedure Section 583(b) would be waived. Any statement by anyone to the contrary is false."

Plaintiff's counsel Rowe also filed a supplemental memorandum in which he attacked the truthfulness of a portion of Birney's declaration. Rowe's declaration provides in pertinent part:

"On or about December 9, 1971, Mr. Birney telephoned my office and spoke with my secretary. She advised me that Mr. Birney was requesting that the matter be taken off calendar. It is a policy of my office and a standard practice therein that in a matter of such import as the dropping of a case off calendar, an attorney should speak directly to his counter-part. I then spoke with Mr. Birney directly on the phone and advised him that I would agree to taking the matter off calendar but only on the express condition that he waive the five (5) year statute of limitations. It was then agreed that Mr. Birney would draft a written stipulation to that effect. Any statement by anyone to the contrary is false."

Thereafter, on July 8, 1975, plaintiff's motion for relief was granted, and defendant's motion to dismiss pursuant to the mandatory provisions of section 583, subdivision (b), was denied.

### ABUSE OF DISCRETION

It must be conceded that a duty devolves upon the plaintiff to expedite his matter for trial. Any shirking of that duty is proscribed by the various provisions of Code of Civil Procedure section 583 (see fn. 1, *ante* p. 802). ■ The reason for the stringent rules requiring dismissal in the event of failure to prosecute is the general policy of the law requiring that courts of this state must not be called upon to enforce rights unless

there is timely prosecution on the part of those claiming them. A common example of this type of policy are the statutes of limitation which prescribe limits within which claims may be presented and heard in court. The reasoning there used is here applicable once a suit is started, that is, it must be carried forward by the plaintiff with reasonable alacrity. There are, however, recognized excuses for a delay in prosecution. However, those exceptions to the operation of the dismissal statutes must be strictly construed. (*Fannin Corp.* v. *Superior Court* (1974) 36 Cal.App.3d 745 [111 Cal.Rptr. 920]; *Reserve Ins. Co.* v. *Universal Underwriters Ins. Co.* (1975) 51 Cal.App.3d 57, 61 [123 Cal.Rptr. 763]; *Chapin* v. *Superior Court* (1965) 234 Cal.App.2d 571, 575 [44 Cal.Rptr. 496]; *Wiggins* v. *Washington Nat. Life Ins. Co.* (1966) 246 Cal.App.2d 840, 846 [55 Cal.Rptr. 129].) ■ It is also established that "A motion for relief under section 473 is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof the exercise of that discretion will not be disturbed on appeal. . . ." (*Coyne* v. *Krempels* (1950) 36 Cal.2d 257, 263 [223 P.2d 244].) However, the court's discretion to grant relief under section 473 is not unfettered. The restriction upon the exercise of that discretion was succinctly ascribed by the Supreme Court in *Bailey* v. *Taaffe* (1866) 29 Cal. 422, at page 424, and is just as apropos today as then. The court there stated, "The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubted whether the excuse offered is sufficient or not, . . . the judgment of the Court below will not be disturbed. If, on the contrary, we are satisfied beyond a reasonable doubt that the Court below has come to an erroneous conclusion, the party complaining of the error is as much entitled to a reversal in a case like the present as in any other." (See also 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 244, p. 4235.)

However, the purpose of remedial statutes is not to grant relief from defaults which are the result of inexcusable neglect of parties or their attorneys in the performance of their obligations to their client. (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 478 [58 Cal.Rptr. 249, 426 P.2d 753].) A trial court must consider all circumstances in exercising its discretion in the disposition of motions made pursuant to section 583,

subdivision (b), including the degree of prejudice caused the respective parties. (*Sprajc* v. *Scandinavian Airlines System, Inc.* (1966) 240 Cal.App.2d 935, 939 [50 Cal.Rptr. 181].) Here, counsel for plaintiff's explanation of his delay when considered in the light of the record which demonstrates a lack of activity for three years after the matter was first dropped from the trial calendar until a supplemental at-issue memorandum was filed indicates a failure to discharge the duty devolving upon every person who files an action on behalf of his client, to prosecute it with reasonable promptness and diligence. It is the plaintiff upon whom rests the duty to use diligence at every stage of the proceeding to expedite his matter to a final determination. (*Price* v. *Grayson* (1969) 276 Cal.App.2d 50, 55 [80 Cal.Rptr. 602].) Under the decisional guidelines and the factual circumstances presented by the declarations of the respective parties, the conclusion that the inadvertence and neglect of plaintiff's counsel was inexcusable is inescapable. Plaintiff's counsel does not argue or declare that he failed to read the stipulation before signing it; nor does he allege that he was not aware of the fact that subdivision (a) of section 583 provides a two-year discretionary dismissal statute. We also note that the stipulation to drop the matter from the trial calendar was filed five months prior to the expiration of the two-year discretionary dismissal period and three and one-half years prior to the expiration of the five-year mandatory dismissal period. We are also mindful that the matter was ready for trial with the exception of taking plaintiff's deposition by the defendant and had been scheduled for trial on February 7, 1972. Plaintiff's counsel does not assert that he was relying upon an oral stipulation between the parties to waive the provisions of subdivision (b) of section 583. Had he done so, such reliance would have been characterized as unreasonable and inexcusable, and would be contrary to the public policy underlying the requirement for written stipulations expressly waiving the provisions of the dismissal statute. The reason therefor is to avoid unseemly dispute between counsel over purported waiver of the statutory requirements. (*Miller & Lux Inc.* v. *Superior Court* (1923) 192 Cal. 333, 340 [219 P. 1006].)

Plaintiff argues the Supreme Court's decision in *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431 [96 Cal.Rptr. 571, 487 P.2d 1211] dictates the application of an estoppel doctrine to the conduct between plaintiff and defense counsel. He cites the language of the court there at pages 437-438 that, "This doctrine affirms that 'a person may not lull another into a false sense of security by conduct causing the latter to forebear to do something which he otherwise would have done and then

take advantage of the inaction caused by his own conduct.' [Citations.] Notwithstanding the desirability that actions be promptly filed and diligently prosecuted [citation], we have held that a defendant may be estopped from raising the statute of limitations and from urging the defense of failure to file a timely claim. Although cases are in conflict on whether a defendant may be estopped to seek dismissal for failure to bring an action to trial within five years (Code Civ. Proc., § 583), the most recent decision of this court upholds estoppel." (Fns. omitted.) Applied to the present circumstances, that case is inapposite. In *Tresway,* plaintiff was led to believe by defendant that certain further action required by Code of Civil Procedure section 410, and Code of Civil Procedure section 581a would not be required. The court there denied the writ brought by defendant seeking dismissal of the proceeding. In the instant case, the plaintiff's counsel may not be relieved of his obligation to read, know and understand that which he executed by way of stipulation on behalf of his client by any alleged assertions of his opposing counsel.

In *Penryn Land Co.* v. *Akahori* (1918) 37 Cal.App. 14 [173 P. 612], the neglect of an estate administrator to carefully read the summons served upon him was held inexcusable and insufficient to invoke relief pursuant to section 473. The action of plaintiff's counsel here is virtually indistinguishable from the circumstances described in the *Penryn Land* case. Also, in *Ross* v. *Ross* (1941) 48 Cal.App.2d 72, 75 [119 P.2d 444], failure by attorneys to read and examine documents was held to constitute an inexcusable neglect of duty. The declarations here presented reveal that counsel for plaintiff failed to examine and understand the document which he signed. Such conduct must be characterized as careless and negligent, not warranting relief under the remedial provisions of section 473.

■ We recognize the rule that courts are loath to penalize a litigant for the omission of his counsel, particularly where the litigant has acted promptly and relied upon the attorney to protect his rights. However, in order to invoke the remedial provisions of Code of Civil Procedure section 473, the litigant must plead that the mistake or neglect on the part of his counsel was excusable. (*Orange Empire Nat. Bank* v. *Kirk* (1968) 259 Cal.App.2d 347 [66 Cal.Rptr. 240].) The client is charged with the neglect of his attorney, but he is not without redress against the latter. (*Daley* v. *County of Butte* (1964) 227 Cal.App.2d 380, 391 [38 Cal.Rptr. 693].) ■ Our review of the factual matters presented compels us to the conclusion that there was a manifest abuse of discretion on the part

of the trial court. We have considered a written stipulation which, by its terms, waived the discretionary provisions of Code of Civil Procedure section 583, subdivision (a), filed five months prior to the expiration of that date, and three and one-half years prior to the expiration of the mandatory five-year dismissal statute. Failure of plaintiff's counsel to carefully read and understand the stipulation prior to executing and filing the same is inexcusable conduct and does not provide the foundation for estoppel to assert the five-year mandatory dismissal statute. The court was in error in granting relief under Code of Civil Procedure section 473 and in denying defendant's motion for dismissal pursuant to Code of Civil Procedure section 583, subdivision (b).

The judgment is reversed, and the trial court directed to vacate its order granting relief under section 473, and to enter an order dismissing plaintiff's complaint pursuant to Code of Civil Procedure section 583, subdivision (b).

Regan, J., concurred.

**FRIEDMAN, Acting P. J.**—I concur. The trial court's order can be sustained only by a complete abdication of appellate responsibility. The trial court's action must have been premised upon the court's acceptance of Mr. Rowe's statement that Mr. Birney had agreed to waive the five-year dismissal statute. Mr. Rowe's statement is absolutely inacceptable. It postulates a waiver as one made in exchange for plaintiff's dropping a trial date after only 19 months of the 5-year period had run. It ascribes to defense counsel, as a quid pro quo, an unqualified waiver of the five-year dismissal statute, a theoretical consent to trial eight, ten or twenty years later. The very terms of the stipulation confirm the position of defense counsel—they were waiving only the two-year and not the five-year statute.

This is one of those rare cases where the trial court's action exceeds the bounds of reason. It is too bad that this appeal comes to us after a $100,000 verdict. We must view the issue as though the trial had not taken place. The trial court's grant of the section 473 motion was a clear abuse of discretion.

A petition for a rehearing was denied April 15, 1977, and respondent's petition for a hearing by the Supreme Court was denied June 2, 1977. Richardson, J., did not participate therein.